| KANSAS CITY SOUTHERN RAILWAY CO. | CIVIL ACTION NO. 06-0003 |
| --- | --- |
| versus | JUDGE HICKS |
| CONAGRA POULTRY CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

**Introduction**

Before the court is Defendant Pilgrim's Pride Corporation's Motion for Leave to Amend Answer (Doc. 31). The motion seeks leave to amend the answer to allege an affirmative defense that some or all of the recovery sought by KCS is barred by provisions in an Industry Track Agreement. The motion also seeks leave to assert two counterclaims against KCS for alleged spoliation of evidence and abuse of rights under Louisiana law. KCS does not oppose the motion to assert the affirmative defense. However, KCS objects to the portion of the motion seeking leave to add the counterclaims. KCS argues that, because neither claim would survive a motion to dismiss, the proposed amendment should be denied as futile.

**Applicable Standard**

Leave to amend a pleading "shall be freely given when justice so requires." F.R.C.P. 15(a). The Fifth Circuit interprets Rule 15 as having a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough

to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999).

It is, however, within the district court's discretion to deny a motion to amend if it is futile. Martin's Herend Imports, 195 F.3d at 771. While the Fifth Circuit has not specifically defined "futility" in this context, it has joined its sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. Stripling v. Jordan Production Co., 234 F.3d 863, 873 (5th Cir. 2000).

**Arguments and Analysis**

KCS argues that the spoliation counterclaim is futile because Louisiana has generally not recognized an independent cause of action for spoliation. KCS also argues that, even if the independent tort were recognized, the allegations of the counterclaim are insufficient to establish such a claim. As to the abuse of rights claim, KCS argues that it had the right to defend the underlying cause of action and that its actions cannot reasonably be said to be an abuse of rights. KCS argues that the abuse of rights contentions should more properly be considered as an affirmative defense or grounds of avoidance.

**Spoliation of Evidence**

Pilgrim's argues that every Louisiana appellate circuit has recognized that an independent tort of spoliation exists under Louisiana law, and Pilgrim's cites numerous Louisiana cases to that effect. However, to resolve KCS's futility argument, the court need look no farther than the Fifth Circuit. In Burge v. St. Tammany Parish, 336 F.3d 363, 374

(5th Cir. 2003), the Court stated that: "The Louisiana tort of spoliation of evidence provides a cause of action for an intentional destruction of evidence carried out for the purpose of depriving an opposing party of its use." KCS cited <u>Burge</u>, but for the proposition that, even when a plaintiff demonstrates spoliation, the proper sanction is an adverse inference. Doc. 135, p. 3. In any event, KCS's brief argument on this issue does not satisfy the court that leave to add the spoliation counterclaim should be denied on the basis of futility.

**Abuse of Rights**

With regard to the abuse of rights claim, KCS's arguments are more appropriately raised in a properly supported motion for summary judgment, not in opposition to a timely filed motion to amend. Louisiana law clearly recognizes a claim for abuse of rights. <u>Falgout-Loebig v. Rossbottom Employees, LLC</u>, 2006 WL 1984684 (E.D. La. 2006)(setting forth elements of the claim and citing cases). If KCS wants to test the underlying merits of the abuse of rights claim, it should use the proper procedural vehicle to do so. For purposes of the motion to amend, KCS's futility argument regarding the abuse of rights counterclaim is unpersuasive.

**More Definite Statement**

KCS's opposition to the motion to amend includes an alternative request that, if the motion to amend is granted, Pilgrim's be ordered to provide a more definite statement under Fed. R. Civ. P. 12(e). According to KCS, "[n]either cause of action gives [KCS] sufficient notice in order to make a proper response under the Federal Rules." Doc. 35, p. 5.

Rule 12(e) provides that a party may move for a more definite statement before filing a responsive pleading if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." This does not mean that a plaintiff must plead in his complaint every date, person, event and other fact that must be proved to obtain a favorable judgment. Instead, the federal rules merely require "notice pleading." Rule 8(a)(2) requires a short and plain statement of the claim that will give the defendant "notice as to what the plaintiff's claim is and upon which grounds it rests." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126-130 (5th Cir. 1959).

Rule 12(e) should not be used to frustrate the notice pleading policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. Mitchell, 269 F.2d at 132. Similarly, a motion for more definite statement will not be granted when a moving party can reasonably respond to the complaint, but merely wants the plaintiff to plead additional information that could and should be gained through discovery. Id. See also Newcourt Leasing Corp. v. Regional Bio-clinical Laboratory, Inc., 2000 WL 134700 (E.D. La. 2000); Brown v. Maxxam, Inc., 1991 WL 13918 (E.D. La. 1991).

The court has reviewed Pilgrim's proposed counterclaims and, for the purpose of Rule 12(e), finds the allegations are sufficient to meet Rule 8's notice pleading requirements. KCS is, of course, entitled to seek additional information and details regarding both counterclaims from Pilgrim's in discovery. Because Pilgrim's has chosen to provide only the barest of

allegations in support of its counterclaims, the court expects that Pilgrim's will be sensitive to KCS's need for proper discovery to defend against those claims.

**Conclusion**

For the above reasons, the **Motion For Leave to Amend (Doc. 31)** is **granted**. KCS's **Motion for More Definite Statement (Doc. 35)** is **denied**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 17th day of November, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE